IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT M. GERBER, *et al.*, | : |
| Plaintiffs, | : CIVIL ACTION NO: 05-10782-DPW |
| v. | : |
| ROBERT S. BOWDITCH, JR., *et al.*, | : |
| Defendants. | : |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Plaintiffs Robert M. Gerber, as Trustee of the Rosalie Gerber Trust ("Gerber"), William J. and Jayne Gilligan, husband and wife, (collectively "Gilligan") Sanford R. and Beth L. Hoffman, husband and wife (collectively "Hoffman"), and James D. Burns ("Burns") (collectively "Plaintiffs"), by and through their undersigned attorneys, hereby respectfully submit this Memorandum of Law in support of their Motion for Leave to File Second Amended Complaint against Defendants Robert S. Bowditch, Jr., Gerald Slavet, Steven Rioff, and BSR Associates (collectively, "Defendants"). In further support, Plaintiffs state as follows:

**I.     PROCEDURAL BACKGROUND**

On or about April 19, 2005, Gerber, Gilligan, and Hoffman filed a Complaint against Defendants. On June 1, 2005, Gerber, Gilligan, and Hoffman and Defendants entered into a stipulation regarding the schedule for filing an Amended Complaint, and Defendants' response thereto. On or about June 17, 2005, Plaintiffs filed the First Amended Complaint for the sole purpose of adding Burns as a party. In all other respects, First Amended Complaint was

substantially identical to the initial Complaint.

On July 25, 2005, Defendants filed their Motion to Dismiss First Amended Complaint (the "Motion to Dismiss").  On July 29, this Court granted Plaintiffs' Assented to Motion for Extension of Time to September 2, 2005 to File Plaintiffs' Opposition to Defendants' Motion to Dismiss (the "Opposition").  Simultaneous with the filing of the Opposition, Plaintiffs respectfully seek leave to file their proposed Second Amended Complaint, attached to the Motion for Leave as Exhibit A.  The Second Amended Complaint contains additional factual allegations concerning Plaintiffs' claims of securities fraud and common law fraud.

## II.  RELEVANT LEGAL PRINCIPLES

Pursuant to Fed. R. Civ. P. 15(a), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  A plaintiff may amend the original complaint "once as a matter of course at any time before a responsive pleading is served." *Id*.  A motion to dismiss is not considered a responsive pleading within the meaning of Rule 15(a).  *See* Leonard v. Parry, 219 F.3d 25, 30 (1st Cir. 2000). Arguably, Plaintiffs have an absolute right under Rule 15(a) to amend the present Complaint, since the first amendment was made with the consent of Defendants, and the Rule expressly provides for one amendment as of right.  Fed. R. Civ. P. 15(a).

In addition, with respect to subsequent discretionary amendments, "[a]bsent futility, undue delay, undue prejudice, and/or bad faith …Rule 15(a) generally requires allowance of amendments." Savoy v. White, 139 F.R.D. 265, 267 (D. Mass. 1991) (citing Vargas v. McNamara, 608 F.2d 15, 18 (1st Cir. 1979)).

### 1.  Futility

Futility can constitute an adequate basis to deny a proposed amendment where such

2

amendment would "serve no legitimate purpose or is without legal merit." *Id*. (citing *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990)). Because the proposed amendment serves the legitimate and desirable purpose of clarifying issues for adjudication, it is not "futile" within the meaning of Rule 15(a).

### 2. Undue Delay

Undue delay is implicated when a "a considerable period of time has passed between the filing of the complaint and the motion to amend[.]" *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979). The First Circuit has stated that "courts may *not* deny an amendment solely because of delay and without consideration of the prejudice to opposing party[.]" *Id*. at 19 (emphasis added). In the present case, there is no delay in filing this Motion to Amend, which still precedes the filing of any responsive pleading by the Defendants.

### 3. Undue Prejudice

Undue prejudice may serve as a basis to deny an amendment to a complaint. *See Savoy*, 139 F.R.D. at 269. In the present case, Defendants will not be prejudiced by this Court's grant of leave to file the Second Amended Complaint. The counts set forth in the Second Amended Complaint are substantively identical to those contained in the initial Complaint, with Plaintiffs seeking leave at this time only to provide additional factual information. Such circumstances do not amount to undue prejudice. *See id*. (holding that no undue prejudice existed where claims contained in original complaint closely related to claims contained in amended complaint).

### 4. Bad Faith

Although bad faith constitutes a valid reason to deny amendment under Rule 15(a), *id*., Plaintiffs' Motion for Leave represents a good faith attempt to sharpen the focus of issues before

3

the Court, while also providing additional specific factual information sought by Defendants' Motion to Dismiss. There is no basis for a finding of bad faith.

### III. CONCLUSION

Because none of the relevant factors that could serve as a basis to deny amendment has been implicated, Plaintiffs should be permitted to file their Second Amended Complaint, as set forth in Exhibit A to the Motion for Leave.

WHEREFORE, for the reasons set forth above, Plaintiffs respectfully request that this Court grant its Motion for Leave to File Second Amended Complaint, and such other and further relief as the Court deems just.

Dated: September 2, 2005                          THE PLAINTIFFS

                                                By their attorneys,

                                                /s/ Paul McDonald
Paul McDonald
(*Pro Hac Vice* Granted)
Daniel Murphy
BBO # 656021
Bernstein, Shur, Sawyer & Nelson
100 Middle Street, P. O. Box 9729
Portland, Maine 04104-5029
(207) 774-1200

                                                /s/ John J. O'Connor
John J. O'Connor
BBO # 555251
Peabody & Arnold LLP
30 Rowes Wharf
Boston, MA  02110
(617) 951-2077

621860_1
14941-91178