UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT M. GERBER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br><br>ROBERT S. BOWDITCH, JR., *et al.*,<br><br>Defendants. | CIVIL ACTION<br>NO. 05-10782-DPW |

## LOCAL RULE 16.1 AGENDA AND JOINT STATEMENT

Pursuant to this Court's July 29, 2005 Notice of Scheduling Conference and in accordance with Fed. R. Civ. P. 26(f) and District of Massachusetts L.R. 16.1(d), the parties respectfully submit the following Agenda and Joint Statement.

I.  **Agenda of Matters to be Discussed at the Scheduling Conference.**

   A.  Automatic stay of discovery.

   B.  Effect of Plaintiffs' recent motion for leave to file a Second Amended Complaint on Defendants' pending motion to dismiss the First Amended Complaint.

   C.  Proposed pretrial schedule.

   D.  Status of settlement offer.

II. **Automatic Stay of Discovery.**

   1.  *Defendants' Position:* Plaintiffs' First Amended Complaint, which was filed on or about June 17, 2005, includes claims under Sections 10(b) and 29(b) of the Securities

Exchange Act of 1934, as well as several state-law claims purportedly arising from the same alleged conduct. Defendants filed their Motion to Dismiss the First Amended Complaint on or about July 25, 2005, seeking dismissal of the Amended Complaint in its entirety.

Pursuant to Section 21D(b)(3)(B) of the Private Securities Litigation Reform Act ("PSLRA"), an automatic stay of discovery is in effect: "In any private action arising under this title, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party. " 15 U.S.C. § 78u-4(b)(3)(B). Plaintiffs have not suggested that the circumstances of this case satisfy either of the statutory bases for lifting the automatic stay.

The claims in this case all concern the same alleged facts: Defendants' alleged misrepresentations and/or failure to disclose in connection with Defendants' offer to purchase, and their subsequent buyout of, Plaintiffs' interests in a limited partnership. All of the federal and state claims in the First Amended Complaint arise from the same series of events. Permitting discovery as to the state-law claims in this context would only undermine the purpose of the PSLRA automatic stay. *See* Plaintiffs' Proposed Second Amd. Compl. ¶ 149 (expressly reserving the right to "assert [future] claims for ... additional breaches following discovery").

In this context, discovery as to the entire case should be stayed – either pursuant to provisions of the PSLRA or in the exercise of the Court's discretion – until Defendants' Motion to Dismiss is decided.

2.  *Plaintiffs' Position:* In addition to the claims asserted under Sections 10(b) and 29(b) of the Securities Exchange Act of 1934, Plaintiffs' First Amended Complaint sets forth claims arising under state law and sounding in fraud, breach of fiduciary duty, negligent misrepresentation, breach of contract, civil conspiracy, and aiding and abetting breach of fiduciary duty. With the exception of the common law fraud claim, these state law claims do not mirror the federal securities laws claims; rather, they are legally cognizable, substantive causes of action. Moreover, this Court's jurisdiction over these claims is based upon diversity of

citizenship. Furthermore, none of the perceived abuses addressed by Congress in enacting the PSLRA are present in this action. Accordingly, the automatic stay provisions of the PSLRA do not apply to Plaintiffs' non-fraud state law claims, and Plaintiffs should be entitled to discovery on those claims.

### III. Effect of Plaintiffs' Motion for Leave to File Second Amended Complaint on Pending Motion to Dismiss First Amended Complaint.

Defendants request guidance from the Court as to how to proceed with further briefing on their pending Motion to Dismiss the First Amended Complaint. Along with their opposition to that motion (the "Opposition"), Plaintiffs filed on September 2, 2005 a motion for leave to file a Second Amended Complaint. The proposed amendments include a number of additional factual allegations that are ostensibly directed at arguments Defendants made in their Motion to Dismiss concerning the adequacy of the allegations in the First Amended Complaint.

1. *Defendants' Position:* Regardless of Plaintiffs' effort to amend, Defendants would have sought an opportunity to reply to the Opposition (Plaintiffs have advised that they would be willing to assent to a motion for leave to that effect). Defendants, however, are now uncertain as to how the Court would prefer briefing be completed in light of Plaintiffs' effort. It appears sensible to decide Plaintiffs' motion for leave to amend prior to or in conjunction with Defendants' dismissal motion, to avoid a situation where dismissal is granted, then leave to amend is granted, and then a new motion to dismiss is filed to address the additional allegations. Not doing so could result in the Court having to decide two motions to dismiss in succession.

Defendants propose the following course:

    a. Defendants be granted leave to prepare a reply brief that addresses both (i) arguments raised in the Opposition and (ii) the proposed amendments, to be filed no later than October 10, 2005; and

    b. Defendants file, no later than October 10, 2005, any opposition to Plaintiffs' motion for leave to amend.

2. *Plaintiffs' Position:* The parties have expended considerable time and effort to

- 3 -

LITDOCS/614841.1

date in connection with Defendants' motion to dismiss. The motion has been fully briefed, subject to Defendants filing a Reply Memorandum of Law to which Plaintiffs would not object. In the event Defendants do file such Reply Memorandum, there would be no need for them to respond to the additional factual allegations set forth in Plaintiffs' proposed Second Amended Complaint, which is attached to Plaintiffs' motion for leave to amend – Plaintiffs' Opposition neither mentions nor relies upon these allegations.

A denial of the pending motion to dismiss would obviate the need for Plaintiffs to amend the First Amended Complaint by adding the additional factual allegations contained in their proposed Second Amended Complaint. Correspondingly, there would be no need for the Court to consider such allegations at the pleading stage of this action. Defendants' position here is necessarily based upon the assumption that the motion to dismiss will be granted, and therefore the Court will ultimately have to weigh the impact of Plaintiffs' additional factual allegations against the pleading requirements of the PSLRA and Rule 9(b). That, however, would be entirely unnecessary if the motion to dismiss is denied. Thus, under Defendants' suggested course of action, both the Court and the parties would be put to what might ultimately be significant, unnecessary burden and expense. Plaintiffs respectfully suggest that the prudent course of action is for the Court to resolve the pending motion to dismiss first, and only consider Plaintiffs' motion for leave to amend (and the allegations of the proposed Second Amended Complaint) in the event the motion to dismiss is granted.

### IV. Proposed Pretrial Schedule.

Pursuant to Fed. R. Civ. P. 26(f) and L.R. 16.1(b), counsel for the parties have conferred regarding a proposed pretrial schedule. Due to the pending Motion to Dismiss and Defendants' position on the PSLRA automatic stay, the parties have agreed to establish time periods for the phases of pretrial activity (rather than setting actual dates as deadlines), which can be applied from the date(s) upon which the Court determines discovery should commence.

The parties have agreed to the following schedule (the "Agreed Post-Stay Schedule"), to

LITDOCS/614841.1

apply if *all* discovery is stayed in this action pending decision on Defendants' Motion to Dismiss:

| Event | Deadline If All Discovery Stayed |
|---|---|
| File all motions to amend the pleadings and add parties | 6 months after resolution of the pending motion to dismiss |
| Completion of all fact discovery | 9 months after resolution of the pending motion to dismiss |
| Plaintiffs identify trial expert(s) and serve expert report(s) | 10 months after resolution of the pending motion to dismiss |
| Defendants identify trial expert(s) and serve expert reports | 60 days after Plaintiffs' designations and reports |
| Plaintiff serves rebuttal expert reports(s) | 30 days after Defendants' designation and reports |
| Complete expert depositions | 30 days after completion of expert reports |
| Deadline for filing Rule 56 motions | 30 days after deadline for all fact and expert discovery |
| Final pretrial conference | 60 days after deadline for Rule 56 motions |

If the Court permits discovery on certain of Plaintiffs claims to proceed while Defendants' Motion to Dismiss is pending, the parties have different positions as to the appropriate pretrial schedule:

LITDOCS/614841.1

*Plaintiffs' Position:*

| Event | Deadline If Only Discovery On Fraud Claims Stayed |
|---|---|
| File all motions to amend the pleadings and add parties | Later of 6 months or 60 days after resolution of the pending motion to dismiss |
| Completion of all fact discovery | Later of 9 months or 90 days after resolution of the pending motion to dismiss |
| Plaintiffs identify trial expert(s) and serve expert report(s) | Later of 10 months or 60 days after resolution of the pending motion to dismiss |
| Defendants identify trial expert(s) and serve expert reports | 60 days after Plaintiffs' designations and reports |
| Plaintiff serves rebuttal expert reports(s) | 30 days after Defendants' designation and reports |
| Complete expert depositions | 30 days after completion of expert reports |
| Deadline for filing Rule 56 motions | 30 days after deadline for all fact and expert discovery |
| Final pretrial conference | 60 days after deadline for Rule 56 motions |

*Defendants' Position:*

If the Court permits discovery to proceed on claims that do not affirmatively allege or sound in fraud, the discovery that will immediately commence will be of a very narrow scope; discovery concerning the vast bulk of the case will be stayed. Accordingly, far more time for the stayed discovery (i.e., discovery that will proceed following a decision on the Motion to Dismiss) should be reserved than the 90 days for fact discovery Plaintiffs propose. Defendants

propose that, even if the Court permits limited discovery to proceed, the deadlines set forth in the parties' Agreed Post-Stay Schedule should govern discovery and pretrial events.

### IV.    Settlement

Pursuant to Local Rule 16.1(c), Plaintiffs have presented a written settlement offer to Defendants. Counsel for Defendants have conferred with their clients regarding the subject of settlement. As of the date of this Joint Statement, the Defendants are considering the offer.

### V.    Trial by Magistrate Judge.

At present, none of the parties consents to a trial by a United States Magistrate Judge.

### VI.    Certification.

The parties are filing certifications pursuant to Local Rule 16.1(d)(3) separately with the Court.

<div style="display: flex;">
<div>

Respectfully submitted,

**ROBERT M. GERBER, AS TRUSTEE OF ROSALIE GERBER TRUST, WILLIAM J. GILLIGAN AND JAYNE GILLIGAN, HUSBAND AND WIFE, SANFORD R. HOFFMAN AND BETH L. HOFFMAN, HUSBAND AND WIFE AND JAMES D. BURNS**

By their attorneys,

/s/ Paul McDonald
---
Paul McDonald, *Pro Hac Vice*
Daniel J. Murphy, 656021
BERNSTEIN SHUR SAWYER & NELSON
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
(617) 951-8000

</div>
<div>

Respectfully submitted,

**ROBERT S. BOWDITCH, JR., GERALD SLAVET, STEVEN RIOFF, and BSR ASSOCIATES,**

By their attorneys,

/s/ Donald J. Savery
---
Steven W. Hansen, BBO #220820
Donald J. Savery, BBO #564975
Christina Davilas, BBO #655477
BINGHAM McCUTCHEN LLP
150 Federal Street
Boston, MA 02110-1726
(617) 951-8000

</div>
</div>

/s/ John J. O'Connor
---
John J. O'Connor, BBO# 555251
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2077


Dated: September 13, 2005

- 8 -