**BINGHAM McCUTCHEN**

*Donald J. Savery*
*Direct Dial: 617.951.8709*
*E-Mail: don.savery@bingham.com*

December 7, 2005

The Honorable Douglas P. Woodlock
United States District Court
District of Massachusetts
One Courthouse Way
Boston, MA 02110

*Re:*  ***Gerber v. Bowditch***
       **Civil Action No. 10782-DPW**

Dear Judge Woodlock:

We write to address briefly the Delaware Chancery Court opinion in *Anglo American Security Fund, L.P. v. S.R. Global International Fund, L.P.*, 829 A.2d 143 (2003), referenced by plaintiffs' counsel for the first time during the November 30, 2005 hearing on defendants' motion to dismiss. Apart from the fact that *Anglo American* addresses the law of Delaware rather than Massachusetts, the case is clearly distinguishable on substantive grounds.

To start, the court's opinion in *Anglo American* rested heavily on the fact that the "operation and function" of the limited partnership in that case, which operated as a hedge fund, "diverge[d] ... radically from the traditional corporate model." *Id.* at 152. Because the limited partnership had no operations, and due to its structure, any change in the value of partnership assets was immediately passed through to investors and reflected in their capital accounts. *Id.* at 152 ("[d]ue to the structure and operation of the Fund, whenever the value of the Fund is reduced, the injury accrues irrevocably and almost immediately to the current partners"). Unlike in *Anglo American*, the limited partnership here, Old Salem, has at all times been invested in a substantial real estate project, maintained ongoing operations, and carried debt. As a result, the effect of any alleged excessive fees paid to property managers would not have been "irrevocably and almost immediately" passed through to the investor limited partners. Rather, the alleged conduct would have harmed investor limited partners only derivatively, by reducing the assets of the enterprise and only to the same extent as a shareholder in a typical corporation would be harmed by payment of excessive fees. The "operation and function" of Old Salem do not warrant a departure from the standards that govern the typical limited partnership operating in the traditional corporate model.

Bingham McCutchen LLP
150 Federal Street
Boston, MA
02110-1726

617.951.8000
617.951.8736 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

December 7, 2005
Page 2

Second, the alleged conduct in *Anglo American* – the general partner's withdrawal of its investment and its failure to timely report the withdrawal to limited partners – violated rights held directly by limited partners under the limited partnership agreement. Here, of course, there is no allegation that the plaintiffs have a direct right under the limited partnership agreement with respect to the level of management fees that is somehow independent of rights held by Old Salem. .

Bingham McCutchen LLP
bingham.com

Finally, after the decision in *Anglo American* was reported, the Delaware Supreme Court decided *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031 (2004), which clarified the law of Delaware on when shareholders may bring direct rather than derivative claims. *Tooley* limits the inquiry to two clearly defined issues:

> We set forth in this Opinion the law to be applied henceforth in determining whether a stockholder's claim is derivative or direct. That issue must turn *solely* on the following questions: (1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the stockholders individually)?

*Id.* at 1033. Moreover, "[t]he stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation." Id. at 1039.

Here, any alleged harm was suffered *by Old Salem*, which paid any allegedly excessive fees. However, if plaintiffs were permitted to proceed individually, the recovery would go to them, not to Old Salem. Investor limited partners who continue to hold units in Old Salem would receive no derivative benefit from an increase in partnership assets. Under *Tooley*, plaintiffs' excessive fees claim must be brought as a derivative claim. Because plaintiffs have no standing to pursue the claim, it must be dismissed.

Respectfully submitted,

/s/ Donald J. Savery

Donald J. Savery


cc:     Counsel of Record